# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| Antwan Lockwood, | ) | C/A No.: 1:19-2134-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| Charleston County Detention Center, Charleston County Sheriff's Office, and Sheriff Al Canon, | ) ) ) ) | |
| Defendants. | ) | |

Antwan Lockwood ("Plaintiff"), proceeding pro se, filed this complaint against Charleston County Detention Center ("Detention Center"), Charleston County Sheriff's Office ("Sheriff's Office"), and Sheriff Al Canon ("Sheriff") (collectively "Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff is an inmate at Detention Center. [ECF No. 1 at 1]. He alleges another inmate hid in his cell and attacked him on March 31, 2019. *Id.* Plaintiff asserts the officer on duty at the time was grossly negligent in failing to

properly conduct his rounds such that he would have discovered Plaintiff's attacker before the attack. *Id.* He further alleges Defendants failed to train officers to follow an "internal guideline governing the supervision of inmates." *Id.* Plaintiff seeks monetary damages.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's

2

allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's claims of constitutional violations by state actors fall under 42 U.S.C. § 1983. To state a plausible claim for relief under 42 U.S.C. § 1983,

3

an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

    1.    Detention Center and Sheriff's Office Not "Persons"

Only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Monnell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Detention Center and Sheriff's Office are departments, groups of buildings, or facilities. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Accordingly, Plaintiff's claims against Detention Center and Sheriff's Office are subject to summary dismissal.

## 2. Eleventh Amendment Immunity

Plaintiff sues Sheriff in his official capacity. [ECF No. 1 at 1]. As sheriff of Charleston County, Sheriff is immune from suit for damages under the Eleventh Amendment. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001).

Because Sheriff is an employee of a South Carolina county, when acting in his official capacity, he is considered an arm of the state and not a "person" within the meaning § 1983. *See Pennington v. Kershaw Cnty., S.C.*, No. 3:12-1509-JFA-SVH, 2013 WL 2423120, at *4 (D.S.C. June 4, 2013) (citing S.C. Code Ann. § 4-1-10 and applying the Eleventh Amendment to a county as "a political subdivision of the State"); *Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, 2006 WL 361375, at *5–6 (D.S.C. Feb. 15, 2006) (finding Charleston County Detention Center entitled to Eleventh Amendment immunity as an arm of the

state); *Cone v. Nettles*, 417 S.E.2d 523, 525 (S.C. 1992) (employees of a county Sheriff are state officials); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").

A state cannot, without its consent, be sued in a district court of the United States by one of its own citizens upon the claim that the case is one arising under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case, *see* S.C. Code Ann. § 15-78-20(e); thus, as an arm of the state, Sheriff, in his official capacity, is immune from Plaintiff's claims for damages.

### 3. Supervisory Liability

Plaintiff alleges Defendants are liable due to their failure to train their employees. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737

F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

To the extent Plaintiff alleges liability based on an official policy or custom, he fails to allege sufficient facts to support this claim, such as the details of the applicable policy or custom, how it lead to illegal action, and the particulars of each defendant's involvement.

4. Failure to Protect

Plaintiff claims Defendants violated his constitutional rights by failing to protect him from his attacker. The Eighth Amendment[1] imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). "Gratuitously allowing the beating . . . of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency." *Odom v. South Carolina Dept. of*

---

[1] It is unclear from Plaintiff's complaint whether he is a convicted prisoner or pretrial detainee. If Plaintiff is a pretrial detainee this right stems from and is properly evaluated under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Plaintiff's rights under the Fourteenth Amendment are at least as great as Eighth Amendment protections available to prisoners. *Martin*, 849 F.2d at 870.

7

*Corrections*, 349 F.3d 765, 770 (2003) (quoting *Farmer*, 511 U.S. 833). *Id.* (internal quotation marks, alteration and citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer,* 511 U.S. at 834. To establish a claim under the Eighth Amendment, a prisoner must satisfy two elements. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, a prisoner must present evidence that the prison officials had a "'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834, (quoting *Wilson*, 501 U.S. at 297). That is, that the defendant acted with deliberate indifference.

To be deliberately indifferent, a prison official must "know of and disregard an objectively serious . . . risk of harm." *Id.* "[T]he official must be both aware of facts from which the inference could be drawn that a possibility of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A showing of mere negligence does not qualify as deliberate indifference. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

Plaintiff fails to allege Defendants disregarded an objectively-serious risk of harm or acted with a sufficiently culpable state of mind, and he thus fails to sufficiently allege a constitutional violation.

8

For these reasons, Plaintiff's complaint is subject to summary dismissal.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by August 23, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

August 2, 2019  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

9